IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALE YOUNG<br>Parent and Next Friend of C.Y.,<br>And<br>C.Y., individually,<br>3803 J. Street NE<br>Washington, DC 20019<br><br>         Plaintiffs,<br>   v.<br><br>District of Columbia<br>A Municipal Corporation<br>One Judiciary Square<br>441 4th Street, NW<br>Washington, D.C. 20001<br><br>To serve:<br><br>Vincent Gray, Mayor<br>District of Columbia<br>441 4th Street, NW 6th Floor<br>Washington, DC 20004<br><br>And<br><br>Irvin B Nathan<br>Attorney General<br>District of Columbia<br>441 4th Street, NW 6th Floor<br>Washington, DC 20004<br><br>         Defendant. | Civ No.: |

## COMPLAINT

COMES NOW, the Plaintiffs, Dale Young and his minor child C.Y., by and through their counsel and the law firm of James E. Brown & Associates, P.L.L.C. respectfully unto this Honorable Court state as follows:

## PRELIMINARY STATEMENT

1. This is an action for reimbursement of attorneys' fees and costs incurred by the plaintiffs in their claims against the defendant pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

2. The Plaintiffs, the prevailing parties in the underlying administrative action, brought under IDEIA on their behalf, reside in the District of Columbia, and seeks an order from the Court compensating them for reasonable attorneys' fees incurred in that action.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to:

    a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. §§ 1400-1461 ("IDEIA").

    b. Declaratory Relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Dale Young is the parent of a minor student who has been deemed eligible to receive special education and related services from Defendant District of Columbia.

6. Plaintiff C.Y. is a minor student who has been deemed eligible to receive special education and related services from Defendant District of Columbia.

7. The Plaintiffs, at all times relevant to this action, have been a resident of the District of Columbia, and was the prevailing parties in an administrative hearing held pursuant to IDEA.

8. At all times pertinent to the proceedings discussed in this Complaint, the Plaintiffs were represented by the lawyers with the law firm of James E. Brown & Associates, PLLC ("Brown & Associates"), a firm incorporated in the District, which specializes in special education law.

9. Plaintiffs have each consented to participate in, and advocate for, the reimbursement of their attorneys, for the full reasonable amount of fees that should have been paid to them for the work done on the underlying administrative cases.

10. That Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free and appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEIA. *See also* § 1412(a)(1)(A).

## FACTUAL ALLEGATIONS

11. On November 27, 2013, Dale Young and C.Y. brought an administrative action alleging, *inter alia*, that the Defendant denied C.Y. FAPE when it failed to identify, locate, and evaluate him to determine if he was a child with a disability during the 2012-2013 school year. *See* Exhibit 1.

12. On January 23, 2014 a hearing officer's determination was issued in this case that found in favor of the Plaintiffs on the above described issue, and ordering the Defendant to provide 100 hours of independent one-on-one tutoring, thirty (30) hours of independent behavioral support, and ten hours of family therapy. *See* Exhibit 2.

13. Plaintiffs prevailed as that term is defined in law, and Plaintiffs incurred reasonable attorneys' fees and costs in the amount $25,537.72. *See* Exhibit 3.

## COUNT I
### (Claim for Reasonable Attorneys' Fees and Costs)

14. Plaintiffs reincorporate paragraphs 1-13.

15. The Plaintiffs are prevailing parties in an impartial due process hearing against the Defendant under the IDEA.

16. As prevailing parties, the Plaintiffs are eligible to be awarded reasonable attorneys' fees by the Court under 20 U.S.C. §1415 (i)(3)(B)(i)(I).

17. The amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

18. The current billing rates for the attorneys in this case, as evidenced by the invoices attached to this complaint, are reasonable and consistent with prevailing market rates in the District of Columbia.

19. The IDEIA and this Court allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

20. Declare that they are prevailing parties under the IDEA and are therefore entitled to recover reasonable attorneys' fees and costs;

21. Order the Defendant to pay Plaintiffs the sum of $25,537.72, reasonable attorneys' fees and costs for work on behalf of Mr. Young and C.Y.

22. Award Plaintiff reasonable attorneys' fees and cost for litigation this Complaint, to be determined upon the timely submission of a fee petition to this Court, and

23. Award Plaintiff any other relief that this Court deems just and proper.

**Respectfully submitted,**

*/s/ Robert Jones*

ROBERT W. JONES, Bar No. DC997776
Associate Attorney
James E. Brown & Associates, PLLC
1220 L Street, 7th Floor
Washington, D.C. 20005

4

(202) 742-2000 (voice)
(202) 742-2098 (fax)
**Attorneys for Plaintiffs**